IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GILBERT MENDEZ | § | |
| v. | § | CIVIL ACTION NO. 6:05cv198 |
| TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Gilbert Mendez, proceeding *pro se*, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights.  This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Mendez complains that he is not receiving treatment for venereal disease.  As the Magistrate Judge observed, he has a history of filing lawsuits raising this same allegation.  In Mendez v. Scott, et al., civil action no. 6:02cv373, (E.D.Tex.), Mendez complained that he was not receiving medical care for venereal disease.  An evidentiary hearing was conducted, at which the evidence showed that Mendez had been repeatedly tested for venereal disease, with all tests proving negative.  The lawsuit was dismissed as frivolous, and Mendez's appeal was dismissed by the Fifth Circuit.

In Mendez v. Director, TDCJ-CID, et al., civil action no. 6:04cv246 (E.D.Tex.), Mendez again complained that he was being denied treatment for venereal disease.  An evidentiary hearing was held, and the evidence again showed that Mendez had been seen and tested several times, but has always tested negative for venereal disease.  The Court also reviewed Mendez's medical records, which confirmed that he has consistently tested negative for venereal disease.  In addition, evidence at the hearing indicated that Mendez is a psychiatric patient who suffers from delusional disorder and paranoid schizophrenia. This lawsuit was also dismissed as frivolous, with no appeal being taken.

Mendez has also filed lawsuits in the Western District of Texas, at least two of which have been dismissed as frivolous.  *See* <u>Mendez v. Faz, et al</u>, civil action no. 5:02-CV-798 (W.D.Tex); <u>Mendez v. Dretke, et al.</u>, civil action no. 5:04-CV-1171 (W.D.Tex.).

Because Mendez has filed at least three lawsuits which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted, the Magistrate Judge issued a Report on September 12, 2005, recommending that the lawsuit be dismissed because Mendez did not comply with the requirements of 28 U.S.C. §1915(g), which provides that

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Magistrate Judge concluded that Mendez did not pay the filing fee and did not show that he was in imminent danger of serious physical injury; the Magistrate Judge observed that although Mendez complained that he was being "crippled by V.D.," records in prior cases have shown that Mendez has been repeatedly tested for venereal disease and that he simply does not have it.

The Magistrate Judge stated that Mendez cannot claim that he is in imminent danger because he is not receiving treatment for a disease which he does not have, and noted that the courts have held that when an inmate alleges a serious medical need either for treatment or to avoid certain conditions, the inmate's bare assertion of a serious medical condition is insufficient without medical evidence verifying that the condition exists.  <u>Aswegan v. Henry</u>, 49 F.3d 461, 465 (8th Cir. 1995); *accord*, <u>Kayser v. Caspari</u>, 16 F.3d 280, 281 (8th Cir. 1994) (prisoner's self-diagnosis alone will not support a medical conclusion).  Consequently, the Magistrate Judge recommended that Mendez's lawsuit be dismissed with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the full $250.00 filing fee.  The Magistrate Judge further recommended that should Mendez pay the full filing fee within 15 days after the date

of entry of final judgment, he should be allowed to proceed with his lawsuit as though the full filing fee were paid from the outset.

Mendez received a copy of the Magistrate Judge's Report on September 16, 2005, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court.  Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge, and has determined that the Magistrate Judge's Report is correct.  It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the Plaintiff's *in forma pauperis* status is REVOKED and that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the full $250.00 filing fee.  It is further

ORDERED that should Mendez pay the full filing fee within 15 days after the date of entry of final judgment, he should be allowed to proceed with his lawsuit as though the full filing fee were paid from the outset. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 5th day of October, 2005.**

_____
WILLIAM M. STEGER
UNITED STATES DISTRICT JUDGE